IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE GEWARGIS,          ) | |
|     Petitioner,          ) | |
|                                              ) | |
|        v.          ) | 11 C 2455 |
|                                              ) | |
| RANDY DAVIS,[1]          ) | |
|     Respondent.          ) | |

**MEMORANDUM AND ORDER**

Petitioner George Gewargis's motion for appointment of counsel and his pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 are before the court. For the following reasons, Mr. Gerwargis' motion for appointment of counsel and his § 2254 petition are both denied.

**I.     Motion for Appointment of Counsel**

The court first considers Mr. Gerwargis' motion for appointment of counsel. There is no constitutional or statutory right to appointment of counsel in a civil case. *See, e.g., Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir.1992). Counsel is traditionally appointed in a habeas corpus proceeding if an evidentiary hearing is needed or if the interests of justice so require. *See* Rule 8(c) of the Rules Governing Section 2254 Cases; *see also* 18 U.S.C. § 3006A(a)(2)(B). No evidentiary hearing is necessary in this case, the court's review of the record shows that Mr. Gewargis is able to articulate his claims, and the court will construe all of

---

[1] The Illinois Department of Corrections website states that Mr. Gerwargis is currently incarcerated at the Vienna Correctional Center. The warden of that facility is Randy Davis. The clerk is thus directed to substitute Randy Davis for Leonta Jackson, Sr., the former warden of the Western Illinois Correctional Center where Mr. Gerwargis was previously incarcerated. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d).

his filings liberally given his pro se status. Accordingly, the court finds, in an exercise of its discretion, that the interests of justice do not necessitate appointed counsel and thus denies the motion for appointment of counsel.

## II. Background

### A. Facts

The court will presume that the state court's factual determinations are correct for the purposes of habeas review as Mr. Gewargis has not provided clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir.2002). The court thus adopts the state court's recitation of the facts, and will briefly summarize the key facts which are relevant to Mr. Gerwargis' § 2254 petition.

On August 16, 2008, police officers responded to a complaint that Mr. Gewargis had confronted two neighbors (Louis Ocasio, Jr. and Sr.) with a gun and repeatedly told them he "should kill" them after the men argued about a parking space. *People v. Gewargis*, No. 1-09-1539 (1st Dist. 2010) (Rule 23 Order), Dkt. 17, Ex. A at 1-2. The officers arrested Mr. Gewargis outside his home, handcuffed him, placed him in a squad car, and knocked on the back door of his home.

Ruben Rosario answered the door. The police did not know who he was at the time or whether he lived with Mr. Gewargis, and later learned that he did not live there. The officers told Mr. Rosario that Mr. Gewargis had displayed a gun and asked if he knew where it was. Mr. Rosario let the police in and led them to a specific drawer in a dresser in a bedroom in the home. Mr. Gewargis did not give the police permission to enter the home or search the dresser.

The police arrested Mr. Gewargis, who sought to suppress the search under the Fourth Amendment. The State argued that it was supported by apparent third-party consent and exigent circumstances. The trial court found that the officers had reacted reasonably to a report of a possibly loaded gun and thus did not discuss the issue of third-party consent, which it stated "was not applicable." *Id*. at 3; *see also People v. Gewargis*, No. 1-09-1539 (Coleman, J., dissenting) at 11 ("The trial court specifically sought and received from the prosecution a concession that it was not relying on consent as a basis for the search and ruled, 'Clearly, third-party consent *** does not apply here, and the officer doesn't suggest that it does'"). After a stipulated bench trial in the Circuit Court of Cook County, Mr. Gewargis was convicted of being an armed habitual criminal and sentenced to a six-year term of imprisonment.

B. **Direct Appeal**

On direct appeal, Mr. Gewargis argued that the trial court erred in denying his motion to suppress because exigent circumstances authorizing a warrantless, non-consensual search of his home (which was owned by his sister) did not exist and there was no valid third-party consent. The Illinois Appellate Court affirmed on June 30, 2010, based on its finding that the undisputed evidence showed that third-party consent existed for the search.

Mr. Gerwargis filed a counseled petition for leave to appeal ("PLA") with the Illinois Supreme Court challenging the Illinois Appellate Court's reliance on third-party consent. Dkt. 17, Ex. E (PLA in *People v. Gewargis*, No. 110877). The Illinois Supreme Court denied the PLA on November 24, 2010. Dkt. 17, Ex. F. Mr. Gerwargis did not file a petition for a writ of certiorari following the denial of his PLA.

C.  **State Collateral Proceedings**

The parties agree that Mr. Gewargis did not file a petition for postconviction relief, *see* 725 ILCS § 5/122-1, or otherwise pursue any state collateral attacks on his conviction. Dkt. 17, Ex. G (Docket Sheet, *People v. Gewargis*, No. 08 CR 16496).

D.  **§ 2254 Petition**

On April 12, 2011, the court received Mr. Gewargis' petition (which is dated April 4, 2012) for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Dkt. 1. The court ultimately allowed him to file an amended § 2254 petition. Dkt. 13. Mr. Gewargis' § 2254 petition repeats the arguments he raised on direct appeal regarding the lack of proper third-party consent as the warrantless search of the home violated the Fourth Amendment (Grounds One and Two). Dkt. 13 at 5-6; 15-20). Mr. Gerwargis also argues that:

1.  His trial counsel provided constitutionally ineffective assistance by (a) failing to investigate or interview potential witnesses (Ruben Rosario and Suzanna Gewargis, his sister and the owner of the home in which the gun was found) who would have supported his argument that the warrantless search of the home violated the Fourth Amendment because Mr. Rosario was a social guest and Ms. Gerwargis owned the house (Ground Three); and (b) failing to object to the trial court's decision to hold a suppression hearing and bench trial simultaneously (Ground Seven). *Id*. at 6; 21-25, 29.

2.  His appellate counsel provided ineffective assistance by erroneously referring to Mr. Rosario as "an unknown occupatn [sic], knowing Rosario was a non-residential house guest" (Ground Four). *Id*. at 6.

3.  "[P]olitics and governmental interference" prevented him from accessing the courts because the proceedings on his motion to suppress and ensuing appeal were flawed by erroneous factual inferences, counsel's mischaracterization of the facts on appeal, and the state appellate court's adoption of those inaccurate facts (Ground Five). *Id*. at 6-7.

4.  He is actually innocent of the offense of being an armed habitual criminal, presumably based on his belief that the gun in the dresser drawer was not properly before the court (Ground Six). *Id*. at 29.

5. The evidence was insufficient to support his conviction as an armed habitual criminal because the only evidence supporting the charge was seized in violation of the Fourth Amendment (Ground Eight). *Id*. at 29-30.

### III. Discussion

The respondent asserts that Mr. Gerwargis has exhausted his state court remedies and does not challenge the timeliness of Mr. Gerwargis' § 2254 petition. However, the respondent asserts that all of Mr. Gerwargis' claims are either noncognizable or procedurally defaulted.

#### A. Standard of Review

A habeas petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). In *Williams,* the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *See id.* at 405. With respect to the "unreasonable application" prong under § 2254(d)(1), a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See id.* at 407.

#### B. Mr. Gewargis' Claims

##### 1. Fourth Amendment (Grounds One and Two)

The centerpiece of Mr. Gewargis's § 2254 petition is his claim that the warrantless search that resulted in the discovery of a gun in a dresser drawer and the subsequent denial of his

motion to suppress violated the Fourth Amendment. This court has previously rejected an

identical Fourth Amendment claim raised in a § 2254 petition, stating:

> Unfortunately for [the petitioner], this claim is not cognizable in a federal habeas corpus proceeding as over thirty years ago, the Supreme Court held that "federal courts hearing collateral attacks under § 2254 may not enforce the exclusionary rule unless the state judiciary denied the defendant a full and fair opportunity to contest the search or seizure." *Hayes v. Battaglia*, 403 F.3d 935, 939 (7th Cir. 2005), *citing Stone v. Powell*, 428 U.S. 465, 481–82 (1976).
>
> The Seventh Circuit has repeatedly enforced this rule by rejecting efforts to review the merits of a state court's application of the exclusionary rule if a petitioner had the opportunity to litigate his Fourth Amendment claim in state court. *See Ben–Yisrayl v. Buss*, 540 F.3d 542, 552 (7th Cir. 2008) (rejecting habeas petitioner's Fourth Amendment claim based on his argument that the state court failed to apply the relevant law to the facts because "[r]egardless of our own judgment [regarding the applicability of certain cases], [the petitioner] received a full and fair hearing on this issue, and we will not second-guess the Indiana Supreme Court's reasoning"); *Watson v. Hulick*, 481 F.3d 537, 542 (7th Cir.2007) (rejecting Fourth Amendment claim raised in a § 2254 petition where the petitioner had an opportunity to present his Fourth Amendment claim to the Illinois courts); *Hayes v. Battaglia*, 403 F.3d at 939 ("[the petitioner] does not contend that Illinois withheld a full and fair opportunity to litigate his arguments based on the fourth amendment; he simply asks us to disagree with the state courts' decision, a path that *Stone* closes"); *Cabrera v. Hinsley*, 324 F.3d 527, 531–32 (7th Cir. 2003) (a "full and fair [hearing] guarantees the right to present one's case, but it does not guarantee a correct result" so "[a]bsent a subversion of the hearing process," federal courts cannot examine whether those courts "got the decision right"). Because [the petitioner] disagrees with the state court's ruling but has not shown that the state court deprived him of a full and fair opportunity to litigate his Fourth Amendment claim, habeas relief as to this claim is unavailable.

*U.S. ex rel. Sims v. Hulick*, No. 07 C 4129, 2009 WL 230599, at *11-12 (N.D. Ill. Jan. 30, 2009).

Mr. Gewargis vigorously contends that the state court got it wrong. However, Mr. Gewargis does not contend that his counsel was unable to cross-examine the State's witnesses or that he was unable to present his position during the hearing on the motion to suppress. Moreover, the Illinois Appellate Court issued a reasoned and detailed written decision that summarized the trial court's ruling and referenced the proper constitutional standards in

connection with its analysis of Mr. Gerwargis' arguments. The court also notes that the Illinois Appellate Court decision included a majority opinion ruling against Mr. Gewargis as well as a dissent agreeing with Mr. Gewargis regarding the validity of the third-party consent to search. The existence of the dissent conclusively demonstrates that Mr. Gewargis received a full and fair opportunity to present his position before the state trial and appellate courts. Unfortunately for him, a majority of the panel disagreed with his position but this does not change the fact that he received an appropriate hearing on his motion to suppress. *See id*. This means that his request for relief under § 2254 based on the denial of his motion to suppress must be denied.

This conclusion is not altered by Mr. Gerwargis' argument, raised in his PLA, that the Illinois Appellate Court considered "fantasy 'facts.'" Dkt. 17, Ex. E at 3. Mr. Gerwargis clearly disagrees with the analysis in the Illinois Appellate Court's majority opinion and its reliance on third-party consent. Nevertheless, the details about the search are in the trial court record. A characterization of the facts as "fantasy" is a back door way of repeating the argument that the state court got it wrong. Similarly, Mr. Gerwargis' argument that the denial of the motion to suppress violated his due process right to a fair trial is unavailing as this is yet another way of recasting his attack on the denial of the motion to suppress. *See McCloud v. Jenkins*, No. 07-C-1050, 2007 WL 4561108, at *4 (E.D. Wis. Dec. 21, 2007). Accordingly, Mr. Gerwargis' claims based on the motion to suppress are denied.

> **3. Ineffective Assistance of Trial Counsel (Grounds Three and Seven), Ineffective Assistance of Appellate Counsel (Ground Four), Inaccurate Facts (Ground Five) & Sufficiency of the Evidence (Ground Eight)**

Mr. Gerwargis' sole argument on direct appeal centered around the denial of his motion to suppress. He did not pursue any state collateral relief. To be able to pursue a claim in a federal habeas proceeding (also known as avoiding procedural default), a petitioner must first

present that claim to the Illinois courts, up to and including the Illinois Supreme Court. *See O'Sullican v. Boerckel*, 526 U.S. 838, 844 (1999). This means that his claim must appear not only in his PLA but also in his filings with the state trial court and intermediate appellate court. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989) (failure to present claim to state intermediate court means that it is procedurally barred); *Boerckel*, 526 U.S. at 844 (failure to present claim to state's highest court means that it is procedurally barred); *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004) ("Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings . . . . This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory"); *Wilson v. Briley*, 243 F.3d 325, 328 (7th Cir. 2001) ("Presenting a federal claim for the first time in a petition for discretionary review by a state's highest court will not satisfy the fair presentment requirement"). Because Mr. Gerwargis did not properly present claims three, four, five, seven, and eight, they are all procedurally defaulted. This means the court cannot consider them on the merits unless an exception to procedural default exists.

### 3. Exceptions to Procedural Default – Actual Innocence (Ground Six)

Mr. Gerwargis also contends that he is actually innocent of the offense of being an armed habitual criminal. His actual innocence argument appears to be based on his position that evidence about the gun in the dresser drawer was not properly before the court. Without the gun, according to Mr. Gerwargis, his conviction cannot stand. It is well-established, however, that a claim of actual innocence is not cognizable as a stand-alone claim for purposes of federal habeas review. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). Instead, actual innocence relates to the "fundamental miscarriage of justice exception" and potentially provides a means for the

court to review a procedurally defaulted claim. *See id*. at 404. Mr. Gerwargis has raised multiple procedurally defaulted claims. The court thus considers whether any exceptions to procedural default are applicable.

A federal court may not grant relief on a procedurally defaulted claim unless the petitioner can establish cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the court's failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 772, 750 (1991). Cause exists where "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 282 (1999). Here, Mr. Gerwargis failed to properly follow state procedural rules.. Nothing in the record before the court indicates that an objective factor prevented him from doing so. Thus, cause does not excuse his default. Moreover, an allegation of ineffective assistance of counsel is not, by itself, enough to establish prejudice, *Pitsonbarger v. Gramley*, 141 F.3d 728, 737 (7th Cir. 1998), or avoid procedural default, *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009) (assertion of ineffective assistance of counsel to excuse default is itself a constitutional claim that must be raised before the state court or be procedurally defaulted). Thus, neither cause nor prejudice exists to excuse the procedural default.

The fundamental miscarriage of justice exception is also inapplicable because "this relief is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Mr. Gerwargis' actual innocence claim consists of his argument that, had the trial court excluded the gun found in the dresser drawer, he would not have been convicted. In support, he directs the court's attention to affidavits indicating that his

sister owned the house in which the gun was found. Based on the affidavits, he asserts that the third-party consent was improper. This is, yet again, an attack on the state court's ruling on the motion to suppress and as such, cannot be used to show actual innocence.

To establish actual innocence, a petitioner must point to "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The court then must consider all of the evidence "old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial," to determine if "it was more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *U.S. ex rel. Johnson v. Gaetz*, No. 10 C 1525, 2010 WL 2044930, at *5 (N.D. Ill. May 24, 2010), *quoting House v. Bell*, 547 U.S. 518, 537 (2006). Here, the affidavits clearly fail to meet this high standard since Mr. Gerwargis does not dispute that the gun was his. Instead, he disputes the state court's denial of his motion to suppress. As this fails to show actual innocence, no exceptions to procedural default are applicable.

### C. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, which provides that the district court must issue or deny a certificate of appealability when it enters "a final order adverse to the applicant," the court turns to whether a certificate of appealability should issue. Under 28 U.S.C. § 2253(c)(2): "(1) [a] certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal; (2) [t]he certificate must identify each substantial constitutional question; (3) [i]f there is a substantial constitutional issue, and an antecedent non-constitutional issue independently is substantial, then the certificate may

include that issue as well; (4) [a]ny substantial non-constitutional issue must be identified specifically in the certificate; [and] (5) [i]f success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

For the reasons stated in this order, the court finds that Mr. Gerwargis has not made a substantial showing of the denial of a constitutional right as he has not demonstrated "that reasonable jurists could debate whether the challenges in his habeas petition should have been resolved differently or that his petition adequately shows a sufficient chance of the denial of a constitutional right that he deserves encouragement to proceed further." *Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000). Accordingly, the court declines to issue a certificate of appealability.

**IV.  Conclusion**

The clerk shall substitute Randy Davis for respondent Leonta Jackson, Sr. In addition, for the above reasons, Mr. Gerwargis' motion for appointment of counsel [33] and his amended petition for a writ of habeas corpus [13] are denied and the court declines to issue a certificate of appealability. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

DATE:  September 4, 2012

_Blanche M. Manning_
Blanche M. Manning
United States District Court Judge